IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00990-BNB

SHANE D. BURDEN,

Applicant,

v.

JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER OF DISMISSAL

---

Applicant Shane D. Burden is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Applicant initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of a Colorado state-court conviction.

The Court must construe the Application liberally because Applicant is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Applicant is challenging a conviction from the Jefferson County District Court. He alleges that he was convicted on March 30, 1990, in Case No. 89-CR-790 and was sentenced to two years of incarceration. Applicant states that he has completed his

sentence but is challenging his conviction because he did not know at the time he pled guilty in Case No. 89-CR-790 that the plea would be used against him in any future criminal proceedings.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Mr. Burden states that he has served his sentence in Case No. 89-CR-790. Because Applicant no longer is in custody for the conviction that he is challenging this Court lacks jurisdiction to review the merits of his claims.

To the extent that Applicant is challenging his current conviction and sentence because the sentence was enhanced due to his conviction in Case No. 89-CR-790, the U. S. Supreme Court held in *Lackawanna County District Attorney, et al., v. Coss*, 532 U.S. 394 (2001), that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (citation omitted).

2

There is at least one narrow exception to the general rule in *Lackawanna*. This exception applies when there was a failure to appoint counsel in the prior proceeding in violation of the Sixth Amendment. *See id.* at 404. This exception is not applicable in the instant action. Applicant, on Page Eight of the Application form, states that he was represented by counsel at all phases of the trial court criminal proceeding.

A second exception to the general rule in *Lackawanna* may apply when a defendant cannot "be faulted for failing to obtain timely review of a constitutional claim." *Id.* at 405. Examples of such cases include when "a state court [has], without justification, refuse[d] to rule on a constitutional claim that has been properly presented to it" or when, "after the time for direct or collateral review has expired, a defendant [obtains] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 405. Applicant does not allege that the state courts have refused to rule on a properly presented constitutional claim or that he has new compelling evidence of actual innocence.

In addition, even if Applicant were in custody for the purposes of his Colorado state conviction, the Court finds that it is clear from the face of the Application that the action is untimely pursuant to 28 U.S.C. § 2244(d). Under § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

> (A) the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Applicant maintains that on May 7, 2006, he filed a Colo. R. Crim. P. 35(c) postconviction motion in Jefferson County in which he challenged the validity of his plea in Case No. 89-CR-790. He alleges that the Jefferson County District Court denied the motion on January 2, 2007. He further alleges that the Colorado Court of Appeals affirmed the trial court's denial on January 2, 2008, and that his petition for review in the Colorado Supreme Court was denied on April 2, 2008.

Applicant asserts that he did not file a direct appeal. For purposes of the one-year limitation period, Applicant's conviction and sentence became final on May 14,

4

1990, forty-five days after his conviction and sentence, *see* Colo. App. R. 4(b); Colo. App. R. 26(a), and his first postconviction motion was filed on May 7, 2006. Applicant, therefore, did not have a postconviction motion or collateral proceeding pending in state court from May 15, 1990, until May 6, 2006.

Mr. Burden does not assert in the Application that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application which were created by state action. His claims that he was a scared "kid," at the time he pled guilty (May 13, 2008, Application at Attachs.), and that he was coerced into a plea, (June 2, 2008, Application at 4), are circumstances that he was aware of at the time of the plea agreement. He had sufficient time to raise these issues after his plea was entered in 1990. Therefore, the Court finds that the one-year limitation period began to run on May 15, 1990.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable

neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Burden bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008).

Simply because Mr. Burden now has been convicted in Colorado Criminal Case No. 04-CR-511 as a habitual criminal based on his prior criminal history, most likely including his conviction in Case No. 89-CR-790, there is no basis for a finding that he has diligently pursued his claims or that there is an extraordinary circumstance that justifies equitable tolling. Mr. Burden pled guilty in Case No. 89-CR-790 in 1990. He did not appeal and did not challenge the conviction and sentence until May 2006 when he realized the conviction would be used against him in subsequent criminal proceedings.

As for Applicant's claim of mental incompetency, he provides no evidence that from 1990 until March 2006, when he filed his postconviction motion, that he was mentally incapable to diligently pursue his claims. The only evidence of his mental incompetency that he submits with his Application concerns the period of time from February until June 2007. (Application at Attachs.)

Applicant fails to establish either due diligence in pursuing his claims or extraordinary circumstances for the Court to find that equitable tolling is applicable. Therefore, the Court finds that on the face of the Application it is time-barred pursuant to 28 U.S.C. § 2244(d). *See Kilgore v. Estep*, 519 F.3d 1084, 1089 (10th Cir. 2008);

6

*Rubio-Diaz v. Milyard*, No. 07-1355, 2008 WL 695894 (10th Cir. Mar. 14, 2008) (unpublished op.). Nonetheless, the Court will deny the Application for lack of jurisdiction. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed pursuant to 28 U.S.C. § 2254(a) for lack of jurisdiction.

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00990-BNB

Shane Burden
Prisoner No. 62763
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk