IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00990-ZLW

SHANE D. BURDEN,

Applicant,

v.

JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 10 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECUSE AND
MOTION TO EXTEND TIME

---

The matters are before the Court on Applicant Shane D. Burden's Motion to Recuse and his Motion for Extension of Time to File a Petition for Rehearing, both filed on July 1, 2008. The Court must construe the Motions liberally because Mr. Burden is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As for the Motion to Recuse, Mr. Burden asks the Court to recuse itself because the Court is biased against him. In support of his allegation of bias, Mr. Burden asserts that the Court repeatedly has ruled against him. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit

must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Burden's allegation that the Court repeatedly has ruled against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the Motion to Recuse will be denied.

2

With respect to Mr. Burden's Motion for Extension of Time to File a Petition for Rehearing, he asks the Court to extend for twenty days the time that he is allowed to file a petition for rehearing so that he may conduct further research. Mr. Burden further contends that during the twenty days he will have access to a law library so that he may research state statutes and respond. The Court will construe the Motion as a request to extend the time to file a Motion to Reconsider of the Court's June 17, 2008, dismissal of the instant action.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. **Van Cauwenberghe v. Biard**, 486 U.S. 517, 521 (1988); **In re Durability, Inc.**, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." **Sherr v. Sierra Trading Corp.**, 492 F.2d 971, 978 (10th Cir. 1974). The Order and the Judgment entered on June 17, 2008, dismissed the Application. The instant Motion for

Extension of Time was filed July 1, 2008. Applicant therefore has filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Court will construe the Motion liberally as a motion to extend the time to file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

It is clear that the Court is not empowered to grant Appellant additional time to file a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) specifies that "[a] motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. Rule 6(b) grants the district court limited authority to extend various time limits under the rules. Rule 6(b)(2) provides that the court "may not extend the time to act under Rule[ ] . . . 59(b), (d) and (e), . . . except as those rules allow." *See also Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion."). Rule 59 provides no exceptions to the ten-day rule. Thus, the Court lacks authority to grant Applicant's Motion for Extension of Time to file a Rule 59(e) motion.

Even if the Court were to construe the Motion for Extension of Time as an actual Motion to Reconsider Plaintiff is not able to obtain relief from the judgment entered in the instant action. The dismissal Order filed on June 17, 2008, discusses in detail the reasons the Court dismissed the instant action. Any further legal research conducted by Mr. Burden would not assist him in restating the issues originally raised in the Application so that he may successfully challenge the legal correctness of the Court's judgment by arguing that the Court misapplied the law or misunderstood the litigant's

position. *See Van Skiver*, 952 F.2d at 1244. Therefore, a Motion to Reconsider would be denied. Accordingly, it is

ORDERED that Applicant's Motion to Recuse, (Doc. No. 8), and his Motion for Extension of Time to File a Petition for Rehearing, (Doc. No. 9), both are denied.

DATED at Denver, Colorado, this 9 day of July, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00990-BNB

Shane Burden
Prisoner No. 62763
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/10/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk