IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00990-ZLW

SHANE D. BURDEN,

Applicant,

v.

JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondent.

___

ORDER DENYING PETITION FOR REHEARING

___

The matter is before the Court on Applicant Shane D. Burden's Petition for Rehearing filed on July 10, 2008. The Court must construe the Petition liberally because Mr. Burden is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order and the Judgment entered on June 17, 2008, dismissed the Application. The instant Petition for Rehearing was filed on July 10, 2008. Applicant therefore has failed to file the Petition within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a).

The Court will construe the Petition liberally as filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Petition for Rehearing and the entire file, the Court finds that Mr. Burden fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

Mr. Burden argues in the Petition that even when a sentence in a criminal conviction is served the "case is not done." (Pet. at 1.) For purposes of 28 U.S.C. § 2254, Applicant's conclusory statement is not supported by law. Under § 2254(a), this Court only has jurisdiction to entertain a § 2254 application from an applicant who is in custody pursuant to a state court judgment. Mr. Burden concedes in the Petition that he is not in custody for the sentence he is challenging. (Pet. at 1.) The Court finds

that he is challenging the effect the completed sentence has on his current sentence. (Pet. at 2.)

He further contends that he should be allowed to show excusable neglect for filing a delayed habeas application because of his alleged mental incompetency. Mr. Burden's claims of mental incompetency were addressed in detail in the June 17, 2008, Order of Dismissal, and the additional claims he attempts to assert in the Petition regarding his mental incompetency fail to support any claim that he was mentally incapable to diligently pursue his claims from 1990 to 2006. Therefore, the Petition for Rehearing will be denied. Accordingly, it is

ORDERED that Applicant's Petition for Rehearing, (Doc. No. 10), filed July 10, 2008, is construed as filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 21 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00990-ZLW

Shane Burden
Prisoner No. 62763
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk